IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03447-BNB

DeANDRE D. PRUITT,

    Plaintiff,

v.

R/N DEBERKOW,
MAJOR ALLEN,
C/O KIRKENDALL,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, DeAndre D. Pruitt, is in the custody of the Colorado Department of Corrections and incarcerated at the San Carlos Correctional Facility in Pueblo, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint. The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Complaint will be dismissed as legally frivolous for the reasons stated below.

    Plaintiff identifies three claims in the Complaint form. In Claim One, Plaintiff asserts that Defendant Major Allen ignored his claims about being sexually and physically harassed. In Claim Two, Plaintiff asserts that Defendant C/O Kirkendall watched Plaintiff in a locked shower, assaulted Plaintiff by writing the word "nigger" on his "write-up," and harassed Plaintiff by forcing him to talk to C/O Kirkendall before Plaintiff saw "mental health." Compl., ECF No. 1, at 5. In Claim Three, Plaintiff asserts

that Defendant R/N Deberkow committed perjury when she acknowledged that she is a mental health certified staff member before Plaintiff was physically assaulted.

Plaintiff asserts claims against all named defendants, but he fails to assert a constitutional violation by defendants. Plaintiff's racial slur and harassment claims against Defendant Kirkendall are meritless. The use of racial slurs "if true, is deplorable and unprofessional," but it does not rise to the level of a constitutional violation. *Williams v. Levansailor,* 153 F.3d 730, *1 (10th Cir.1998) (collecting cases finding verbal abuse alone is not actionable) (unpublished). Further, the Tenth Circuit has found that "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir.1979) (citations omitted).

Plaintiff also fails to state a violation of his privacy rights. Even though Plaintiff is entitled to privacy, *see Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (citations omitted), and prisoners do not forfeit all constitutional protections by the reason of their conviction or confinement, *see Bell v. Wolfish*, 441 U.S. 520, 545 (1979), a viewing of Plaintiff on one occasion while he showers by a guard who is the same sex does not violate Plaintiff's privacy rights, *see Cumbey*, 684 F.2d at 712. Plaintiff identifies Defendant Kirkendall as a male and states that Defendant Kirkendall "watched [him] in the locked shower." Nothing Plaintiff asserts indicates Defendant Kirkendall was viewing Plaintiff for reasons other than those based on the correctional system's legitimate goals and policies. *Bell*, 441 U.S. at 546.

Finally, Plaintiff's physical assault claim is conclusory and vague, and his perjury claim against Defendant Deberkow fails to rise to the level of a constitutional deprivation. Plaintiff does not state that any named Defendant assaulted him or that he

was injured.  He also does not assert how Defendant Deberkow's revealing to him that she is a certified mental health staff member caused a physical assault against him.  A complaint must present "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 570 (2007).  Plaintiff's assault claim is devoid of any supporting facts and, it does not support a plausible claim for relief.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Because Plaintiff does not state cognizable constitutional violations against Defendants Kirkendall and Deberkow, his claim against Defendant Allen lacks merit. All of Plaintiff's claims, therefore, will be dismissed as legally frivolous.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  2nd  day of   January        , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK
United States District Court